UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAJSHEEM L. RICHARDSON,

                        Plaintiff,

  -vs-                                 DECISION AND ORDER
                                             16-CV-6038-DGL-JWF

LIEUTENANT A. STRASSER,

                        Defendant.
_____

On May 17, 2017, Plaintiff filed a motion for appointment of counsel (Docket # 16). Plaintiff's motion is **granted**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, see, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988), and the assignment of pro bono counsel in civil cases is within the trial court's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). In determining whether to assign counsel, the Court considers several factors, including whether the claims seem likely to be of substance; whether the pro se plaintiff is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

Additionally, each lawyer -- especially those who are admitted to practice in federal court and who are, therefore, in a position to reap the benefits of such practice -- has a professional obligation to provide pro bono services for the poor. See New York Rules of Professional Conduct, Rule 6.1. In addition, Rule 83.1(f) of the Local Rules of Civil Procedure provides that:

> Every Member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this Rule shall be made in a manner such that no Member shall be requested to accept more than one (1) appointment during any twelve (12) month period.

Because the Court finds that appointment of counsel is warranted in this case, the Court assigns Siddharth Bahl, Esq. of the law firm McElroy, Deutsch, Mulvaney & Carpenter, LLP, pro bono, to faithfully and diligently represent Plaintiff in this case.

The Clerk of Court shall send a copy of this Order to counsel, along with this Court's Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel.[1]  The Chief Judge of this Court will also issue an Order directing PACER to waive its fees so that pro bono counsel can

---

[1] This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at http://www.nywd.uscourts.gov/pro-bono-program-district-court-fund.

access any other documents filed in this case that he may need. If any portion of the file in this matter is not available through PACER on the Court's Case Management/Electronic Case Management System, the Clerk of the Court shall provide a free copy of any such documents to pro bono counsel upon request.

A status conference with counsel relative to this matter is scheduled for **January 25, 2018 at 10:30 a.m.** before the undersigned.

**IT IS SO ORDERED.**

_____s/ Jonathan W. Feldman_____
HON. JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: December 20, 2017
Rochester, New York