UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAJSHEEM L. RICHARDSON,

                      Plaintiff,

v.

SERGEANT M. JAKUBOWSKI, et al.,
                      Defendants.

DECISION AND ORDER
16-CV-6038-DGL-JWF

---

## Background

The plaintiff in this case, Rajsheem Richardson ("plaintiff" or "Richardson"), brought this prisoner's civil rights claim against the defendants Sergeant M. Jakubowski and Lieutenant A. Strassner (collectively "defendants"), under 42 U.S.C. § 1983. Docket # 1. Currently pending before the Court is defendants' motion to dismiss on the ground that Richardson did not exhaust all available administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Docket # 28. Plaintiff, represented by counsel, opposes the motion. Docket # 32. The parties conducted discovery on whether plaintiff properly exhausted his grievances and both parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) to decide this potentially dispositive issue. Docket # 27. For the reasons that follow, defendants' motion to dismiss (Docket # 28) is converted to a motion for summary judgment and that motion is **granted**.

1

## Relevant Facts

Plaintiff is an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS") system who alleges that guards at Gowanda Correctional Facility ("Gowanda") assaulted him on February 5, 2014. Compl. (Docket # 1), at 5. Plaintiff was transferred to Collins Correctional Facility ("Collins") the same day as the alleged incident involving excessive force. Pl.'s Dep. (Docket # 32-1) ("Dep."), at 18. Plaintiff claims that he wrote a grievance in Collins on February 25, 2014 (the "February 2014 Grievance") and mailed it from Collins to Gowanda on February 26, 2014, but never received any response. Id. at 19, 21. Defendants claim that they did not receive plaintiff's grievance at either Gowanda or Collins. Compl. (Docket # 1), at 15. On April 10, 2014, plaintiff sent a letter to the superintendent at Gowanda inquiring about the February 2014 Grievance. Id. at 10. At some point thereafter, plaintiff was transferred to Southport Correctional Facility ("Southport"). Id. at 11.

On May 15, 2014, plaintiff filed a separate grievance (the "May 2014 Grievance") at Southport about the alleged assault at Gowanda and the failure to respond to his February 2014 Grievance. Id. Southport denied the May 2014 Grievance. Id. at 13. Plaintiff appealed, and Southport again denied the May 2014 Grievance, stating again that the February 2014 Grievance had never been received or appealed. Id. at 15. At both Gowanda and Collins,

plaintiff received an orientation booklet explaining the grievance programs and notifying inmates that grievance coordinators and representatives are available. Dep. at 18-19.

## Discussion

I. Standard on Motion to Dismiss:

A district court has the power to dismiss a § 1983 action in view of § 1997e(a)'s exhaustion requirement. See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999). Pursuant to 42 U.S.C. § 1997e(a), a district court may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA's exhaustion requirement. Williams v. Corr. Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016). If evidence other than the complaint raises issues of fact as to the plaintiff's efforts to exhaust administrative remedies, dismissal is not appropriate. See Gonzalez v. Officer in Charge of Barber Shop on Duty on May 13, 1999, No. 99 Civ. 3455 (DLC), 2000 WL 274184, at *3 (S.D.N.Y. Mar. 13, 2000) ("The existence of administrative remedies and their applicability to a particular suit are generally issues of law, not fact."). However, "when nonexhaustion is not clear from the face of the complaint, a defendant's motion may be converted to a motion for summary judgment 'limited to the narrow issue of exhaustion and the relatively straightforward questions about [the] plaintiff's efforts to exhaust, whether remedies were

available, or whether exhaustion might be, in very limited circumstances, excused.'" Samuels v. Fischer, 168 F. Supp. 3d 625, 652 (S.D.N.Y. 2016) (quoting Stevens v. City of N.Y., No. 12-CV-1918, 2012 WL 4948051, at *3 (S.D.N.Y. Oct. 11, 2012)).

Although, as explained below, the Court would dismiss this case under Fed. R. Civ. P. 12 because the face of the complaint makes clear that plaintiff did not exhaust his administrative remedies, the Court must look outside of the complaint to properly analyze whether plaintiff was excused from exhausting those remedies. See McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) (court may convert motion to dismiss to motion for summary judgment "limited to the narrow issue of exhaustion and the relatively straightforward questions about the plaintiff's efforts to exhaust, whether remedies were available, or whether exhaustion might be, in very limited circumstances, excused"). Indeed, plaintiff and defendants both cite to plaintiff's deposition transcript to support their respective positions. Therefore, the Court converts this motion to dismiss to a motion for summary judgment for purposes of addressing the parties' arguments regarding plaintiff's excuses for his failure to exhaust administrative remedies.

II. Failure to Exhaust Administrative Remedies:

The key for determining whether a § 1983 action can proceed lies in the interpretation of the PLRA's exhaustion requirement.

4

See Woodford v. Ngo, 548 U.S. 81, 88 (2006). Under the PLRA, no action shall be brought with respect to prison conditions under § 1983 by a prisoner until a plaintiff exhausts all available administrative remedies. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense. Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004), abrogated on other grounds by Ross v. Blake, 136 S. Ct. 1850 (2016). "Because failure to exhaust is an affirmative defense, . . . defendants bear the initial burden of establishing, by pointing to 'legally sufficient source[s]" such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute.'" Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015) (quoting Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003)). After defendants meet this initial burden, however, the courts will still excuse a prisoner's failure to exhaust administrative remedies if the prisoner can prove that the failure to exhaust falls within the exceptions of § 1997e(a). See Ross, 136 S. Ct. at 1858.

A prisoner must properly exhaust the administrative remedies by complying with an agency's critical procedural rules so that the administrative resolution system can function effectively. Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its

5

proceedings."). When a procedural rule is in neither the regulations nor the internal procedures of the facilities that houses the prisoner, the courts may not regard it as a critical procedural rule for the purposes of administrative exhaustion. See Torres v. Anderson, 674 F. Supp. 2d 394, 399 (E.D.N.Y. 2009) (holding that Federal Bureau of Prisons' place-of-filing requirement is not a critical procedural rule). Here, however, DOCCS regulations and internal procedures specifically require that a grievance can only be filed "within 21 calendar days of an alleged occurrence . . . . at the facility <u>where the inmate is housed even if it pertains to another facility</u>." N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, § 701.5(a)(1) (emphasis added). If the superintendent fails to respond within 25 days after the inmate submitted the grievance, the inmate may appeal the grievance. Id. at § 701.8(g).

Plaintiff's complaint itself confirms that he did not properly comply with DOCCS's critical procedural rules. Plaintiff did not file his grievance in the facility where he was housed. Unlike Torres, the place-of-filing provision here <u>is</u> in the internal procedures and <u>is</u> explained in the orientation booklets of both facilities where plaintiff was confined. Dep. at 19-21. The purpose of the rule is to prevent inmates from avoiding the administrative process by claiming that a grievance was lost in the mail, thus ensuring the effectiveness of the adjudicative

6

resolution system. See Torres, 674 F. Supp. 2d at 400. Therefore, NYCRR's place-of-filing provision is one of the DOCCS system's critical procedural rules and plaintiff's failure to comply qualifies as a failure to exhaust administrative remedies.

III. **Excuses for Failure to Exhaust Administrative Remedies:**

A prisoner's failure to exhaust administrative remedies can only be excused in a handful of circumstances. See Ross, 136 S. Ct. at 1859. Prior to Ross, the Second Circuit developed a three-part inquiry to determine whether a prisoner can be excused for an alleged failure to exhaust: (1) whether the administrative remedies were in fact available; (2) whether prison officials have forfeited the affirmative defense of non-exhaustion; (3) whether special circumstances justify the prisoner's failure to exhaust. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). However, the Supreme Court subsequently abrogated the third prong of the Hemphill inquiry. Now, cases are analyzed by looking simply to whether administrative remedies were actually available. Green v. Schmelzle, 239 F. Supp. 3d 669, 672 (W.D.N.Y. 2017); see Ross, 136 S. Ct at 1858. Under Ross, administrative remedies are considered unavailable when: (1) officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," i.e., when the process is a "dead end"; (2) the grievance system is "so opaque that it becomes . . . incapable of use," i.e., where "no ordinary prisoner can discern or navigate it"; and (3)

7

prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60. To the extent plaintiff argues that any of these circumstances apply here, I disagree.

First, plaintiff claims that administrative remedies were unavailable to him because he was not properly advised of the process of filing a grievance. Pl.'s Am. Resp. to Defs' Mot. to Dismiss (Docket # 32-2), at 3. But the absence of explicit instructions from staff does not excuse plaintiff because he had access to information on how to file a grievance in Gowanda, and, when he was transferred, in Collins. See Key v. Toussaint, 660 F. Supp. 2d 518, 525 (2d Cir. 2009) (finding, under the old principles, that prisoner was excused from failure to exhaust, but noting that when a prisoner is transferred from one state facility to another state facility, the absence of instruction in the new facility tends not to excuse the prisoner's failure to exhaust because both facilities are governed under a single set of regulations); Ruggiero v. County of Orange, 467 F.3d 170, 178 (2d Cir. 2006) (holding that although whether the plaintiff was provided with a booklet was disputed, it is immaterial because he did not claim that he was unaware of the grievance procedures). The record here confirms that plaintiff received grievance booklets and had access to grievance coordinators in both Collins

8

and Gowanda. Dep. at 18-19. Moreover, as the Second Circuit explained in Key, 660 F. Supp. 2d at 525, plaintiff was transferred from one state facility to another state facility and the regulations allowed plaintiff to follow one set of grievance procedures irrespective of his transfer.

Any argument by plaintiff that administrative remedies were unavailable to him because he misunderstood the grievance procedures[1] is unavailing. Absent misleading statements by prison officials, an inmate's misunderstanding of a procedure does not mean the procedure has been misrepresented and is therefore unavailable. Rawls v. Rosenfield, No. 9:16-CV-0582, 2017 WL 7050648 at *8 (N.D.N.Y. Nov. 28, 2017) (plaintiff's failure to exhaust administrative remedies not excused where he misunderstood how to appeal grievance). Plaintiff does not allege any false or misleading statement by the prison officials - any mistake here was due to plaintiff's own misunderstanding of the grievance process. See Compl. (Docket # 1), at 15.

Second, plaintiff implies that corrections officers may have tampered with the February 2014 Grievance. Pl.'s Am. Resp. to Defs.' Mot. to Dismiss (Docket # 32-2), at 3. Even assuming arguendo that plaintiff's mail was tampered with, the fact remains that plaintiff still failed to follow the established grievance

---

[1] In a footnote, plaintiff's attorney contends that plaintiff "believed he was still property of Gowanda despite being an inmate at Collins." Docket # 32-2, at n.1.

process and exhaust available administrative remedies. Defendants have no record of the February 2014 Grievance and plaintiff did not appeal that grievance. See Compl. (Docket # 1). Recent cases from this District confirm that courts are generally unwilling to excuse a prisoner who allegedly submitted a grievance but received no response and failed to appeal. See, e.g., Grant v. Condon, No. 146514 FPG, 2018 WL 1256224, at *3 (W.D.N.Y. Mar. 12, 2018) (holding that the plaintiff failed to exhaust administrative remedies when there is no record of the alleged grievance or an appeal); Karris v. Rodabaugh, 15-CV-00190A(F), 2017 WL 7038199, at *5 (W.D.N.Y. Nov. 1, 2017) (plaintiff's failure to exhaust recognized where plaintiff admitted he never appealed the denial of his grievance). Compare Heyliger v. Gebler, 624 F. App'x 780, 782 (2d Cir. 2015) (holding that the plaintiff did not exhaust available administrative remedies when he received no response to his alleged grievance because he was still permitted to appeal under NYCRR), with Williams, 829 F.3d at 124 (holding that the grievance procedure applicable to special housing unit inmate after he failed to receive a response to his initial grievance was too confusing to be considered available).

Just like the inmate in Grant, plaintiff has failed to exhaust available administrative remedies because there is no record of his February 2014 Grievance or any appeal of that grievance. Plaintiff's proper use of the grievance process for the filing and

10

appealing of his May 2014 Grievance establishes that administrative remedies <u>were</u> available to plaintiff and he understood them, he just failed to execute them properly. Accordingly, plaintiff is not excused from exhausting his administrative remedies.

## Conclusion

Plaintiff's complaint confirms that he failed to exhaust his administrative remedies when he improperly filed and then failed to appeal his February 2014 Grievance. Other evidence in the record establishes that the grievance process was not unavailable to plaintiff, and, as a result, his failure to exhaust cannot be excused. Accordingly, defendants' motion to dismiss (Docket # 28) is converted to a motion for summary judgment and that motion is **granted.**[2] The Clerk is directed to close this case.

DATED: Rochester, New York
September 25, 2019

_____
HON. JONATHAN W. FELDMAN
United States Magistrate Judge

---

[2] The Court acknowledges and appreciates the assistance appointed <u>pro bono</u> counsel provided to plaintiff in litigating this matter.

11